OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, so much of the order dated August 8, 2006 as provided that the trial was limited to the issue of whether the charges were excessive is vacated and the matter is remitted to the Civil Court for a new trial.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. By order dated August 8, 2006, the Civil Court denied both the motion and the cross motion, found that the only triable issue of fact was whether the fees charged were excessive and stated that the trial was limited to that issue, citing CPLR 3212 (g).
In accordance with the August 8, 2006 order, the nonjury trial began with defendant’s presentation of its defense. Defendant’s attorney sought to present evidence to demonstrate, in effect, that plaintiff was not eligible for reimbursement under the No-Fault Law because plaintiffs sole shareholder was not licensed or certified to practice acupuncture at the time that the acupuncture services at issue were rendered (see Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [12]; Quality Med. Care, P.C. v New York Cent. Mut. Fire Ins. Co., 26 Misc 3d 139[A], 2010 NY Slip Op 50262[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; see also State Farm Mut. Auto. Ins. Co. v Mal *44 lela, 4 NY3d 313 [2005]). The Civil Court would not allow defendant to present this evidence because, the court found, it was barred by the August 8, 2006 order, which limited the issue for trial to the excessiveness of the fee schedule. When defendant failed to proffer any evidence as to its fee schedule defense, plaintiff moved for a directed verdict and the court granted plaintiffs motion. Subsequently, a judgment was entered in favor of plaintiff, and the instant appeal by defendant ensued.
On appeal, defendant argues, in effect, that the August 8, 2006 order improperly barred defendant from asserting its defense that plaintiff was not eligible for reimbursement under the No-Fault Law pursuant to Insurance Department Regulations (11 NYCRR) § 65-3.16 (a) (12). Defendant also argues, in effect, that to the extent said order could be interpreted to read that plaintiff did not have to prove its case at trial, the order was improper.
The CPLR authorizes a court, on a motion for summary judgment, to limit issues of fact for trial where it is able to “ascertain what facts are not in dispute or are incontrovertible” (CPLR 3212 [g]). Under that circumstance, the court is directed to “make an order specifying such facts,” which will then “be deemed established for all purposes in the action.” In addition, the court is permitted to “make any order as may aid in the disposition of the action.”
Upon a review of the record, we find that there was no basis in this case for the Civil Court to have limited issues for trial pursuant to CPLR 3212 (g). First, the record does not demonstrate that there is no dispute, or that it is incontrovertible, that plaintiff had submitted “proof of the fact and amount of loss sustained” to defendant and that defendant had failed to pay the claim within 30 days of receipt of such proof {see Insurance Law § 5106 [a]). Furthermore, the record does not demonstrate that, of the 31 defenses raised by defendant in its answer, none were viable except for the excessiveness of the fee schedule, which is the implication of an order limiting the trial to this defense. Indeed, it is noted that, in opposition to plaintiffs motion, defendant submitted sufficient evidence to raise a triable issue of fact as to whether plaintiff was certified to practice acupuncture at the time that the acupuncture services at issue were rendered (see Insurance Department Regulations [11 NYCRR] § 65-3.16 [a] [12]; Quality Med. Care, P.C. v New York Cent. Mut. Fire Ins. Co., 26 Misc 3d 139[A], 2010 NY Slip Op 50262[U] [2010]; see also State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]).
*45 Accordingly, the judgment is reversed, so much of the order dated August 8, 2006 as stated that the trial was limited to the issue of whether the charges were excessive is vacated and the matter is remitted to the Civil Court for a new trial.
Weston, J.E, Golia and Rios, JJ., concur.