Advanced Recovery Equip. & Supplies, LLC v Global Liberty Ins. Co. (2020 NY Slip
Op 51373(U))

[*1]

Advanced Recovery Equip. & Supplies, LLC v Global Liberty Ins.
Co.

2020 NY Slip Op 51373(U) [69 Misc 3d 143(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2363 K C

Advanced Recovery Equipment and
Supplies, LLC, as Assignee of Kathy Hernandez, Respondent,
against
Global Liberty Insurance Company, etc., Appellant.

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered October 16, 2018. The order, insofar as appealed from as limited by
the brief, denied defendant's motion for summary judgment dismissing the complaint, found, in
effect pursuant to CPLR 3212 (g), that the two claims "were both timely and properly mailed,"
and stated that the "sole issue that remains for trial is the issue of fee schedule."

ORDERED that the order, insofar as appealed from, is modified by providing that the
implicit CPLR 3212 (g) finding in plaintiff's favor and the limitation of the trial to "the issue of
fee schedule" are vacated; as so modified, the order, insofar as appealed from, is affirmed,
without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for, among other things, summary judgment dismissing the complaint on the grounds that there
was a lack of medical necessity for the supplies at issue; that plaintiff had failed to submit its two
claims within 45 days of the date that the supplies set forth therein had been provided; and that
the amounts sought exceeded the amounts permitted by the workers' compensation fee schedule.
Plaintiff cross-moved for summary judgment. As limited by its brief, defendant appeals from so
much of an order of the Civil Court entered October 16, 2018 as denied defendant's motion,
found, in effect pursuant to CPLR 3212 (g), that the two claims "were both [*2]timely and properly mailed," and stated that "sole issue that remains
for trial is the issue of fee schedule."
On this record, we find that there are triable issues of fact as to whether the supplies at issue
were medically necessary and whether the claims had been timely submitted to defendant (see
Zuckerman v City of New York, 49 NY2d 557 [1980]). Consequently, while defendant is not
entitled to summary judgment dismissing the complaint on those grounds, there was no basis for
the Civil Court to find that the claims had been "timely and properly mailed" to defendant or to
limit the trial to "the issue of fee schedule" (see Parisien v Travelers Ins. Co., 65 Misc 3d 154[A], 2019 NY Slip
Op 51895[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Quality Med. Healthcare of NY, P.C. v NY
Cent. Mut. Fire Ins. Co., 30 Misc 3d 42 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2010]).
Defendant's remaining contention lacks merit (see e.g. Metropolitan Diagnostic Med. Care, P.C. v Erie Ins. Co. of NY,
54 Misc 3d 129[A], 2016 NY Slip Op 51815[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2016]).
Accordingly, the order, insofar as appealed from, is modified by providing that the implicit
CPLR 3212 (g) finding in plaintiff's favor and the limitation of the trial to "the issue of fee
schedule" are vacated.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020